# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1881V

| | |
|---|---|
| MICHELLE BRIDGES,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: September 18, 2023 |

*Dustin Francis Fregiato, Ladendorf Law, Indianapolis, IN, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On December 21, 2022, Michelle Bridges filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered Guillain Barre Syndrome (GBS), resulting from an influenza (flu) vaccination she received on September 27, 2020.[3] Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, her GBS persisted for more than six months, and neither she, nor any

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] As noted by Respondent, Petitioner's vaccination record appears to reflect that she received her influenza vaccination on September 24, 2020, as opposed to September 27, 2020. Exhibit (Ex.). 2 at 4. Respondent states that this discrepancy does not affect the analysis of Petitioner's claim, or his ultimate position. Respondent's Report at 1, footnote 1.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

other party, has ever filed any action or received compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 16, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. *Id.* at 4. Respondent concluded that Petitioner's claim meets the Table criteria for GBS. Specifically, Respondent determined that "[P]etitioner had bilateral flaccid limb weakness and decreased or absent tendon reflexes in her weak limbs, a monophasic illness pattern, an interval between onset and nadir of weakness between twelve hours and twenty-eight days, a subsequent clinical plateau, and the absence of an identified more likely alternative diagnosis." *Id.* Respondent further agrees that "this case was timely filed, that the vaccine was received in the United States, and that [P]etitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master